UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **InPWR, INC.** | : | **CIVIL ACTION NO. 21-cv-0821** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **OLSON RESTORATION, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

This matter began with a complaint filed by InPwr, Inc. ("InPwr"), against Olson Restoration, LLC d/b/a ServPro Disaster Recovery Team Olson ("Olson/ServPro")[1], Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital ("LCMH"), and Expediated Service Partners, LLC ("ESP"). Doc. 1. The basis of our jurisdiction as alleged is 28 U.S.C. § 1332, diversity of citizenship. *Id.* at p. 2. For purposes of diversity, the citizenship of the parties is as follows:

|  |  |
|---:|:---|
| InPwr: | Indiana |
| Olson/ServPro: | Colorado |
| LCMH: | Louisiana |
| ESP: | Colorado[2] |

Multiple counterclaims, cross claims, and third-party complaints have been made since the filing of the original complaint. That which is relevant to the motion currently before the court is

---

[1] This shorthand version for this party has been listed differently by different parties. To avoid confusion we ask that all hereafter refer to this party as "Olson/ServPro."

[2] In the original complaint InPwr alleged the citizenship of ESP to be Texas. InPwr amended the original complaint to allege the citizenship of ESP to be Colorado. Doc. 12. There is no dispute between the parties as to the citizenship of each.

a cross claim made by ESP against Olson/ServPro. Doc. 4. Both ESP and Olson/ServPro are citizens of the State of Colorado and are not, therefore, diverse.

Before us is a motion filed pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, defendant LCMH. Doc. 22. Through this motion LCMH asks this court to examine the alignment of the parties to determine "if there is any possibility that the Court believes a correct alignment of the parties and their respective interest would result in a lack of complete diversity . . . ." Doc. 22, p. 3. LCMH clarifies in its reply memorandum to memoranda submitted by InPwr [doc 44] and ESP [doc. 50], that it does not seek dismissal of this proceeding but rather "raise[s] the issue for the Court to consider now, so that any potential alignment issues could be addressed at the outset instead of later." Doc. 59, p. 2. LCMH asks that the motion be granted and that we affirm that subject matter jurisdiction does or does not exist. *Id.*

InPwr and ESP both "oppose"[3] the motion. Docs. 44, 50. Each asks that we conclude that subject matter jurisdiction exists.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S.Ct. 1673, 1675 (1994)). Because our subject matter jurisdiction is that which gives us power to hear the case, it can never be forfeited or waived. *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012) (citing *United States v. Cotton*, 122 S.Ct. 1781, 1785 (2001)). We have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235, 1244 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 119 S.Ct. 1563, 1571 (1999)).

---

[3] As LCMH clarifies in its "reply," it does not seek to dismiss for lack of subject matter jurisdiction. It merely seeks an early proclamation that subject matter jurisdiction does or does not exist. Doc. 59.

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Generally, diversity of citizenship is determined at the commencement of a lawsuit. *Carlton v. BAWW, Inc.*, 751 F.2d 781, 785 (5th Cir. 1985). "One exception to the general rule is the realignment of parties." *Zurn Indus., Inc. v. Acton Const. Co., Inc.*, 847 F.2d 234, 236 (5th Cir. 1988) (citing *City of Indianapolis v. Chase Nat'l Bank,* 62 S.Ct. 15 (1941)). As the Fifth Circuit explained in *Zurn*:

> In *City of Indianapolis* . . . [t]he Court explained that there must be an actual, substantial controversy between citizens of different states to sustain diversity jurisdiction. *Id.* at 69, 62 S.Ct. at 17. To do that, a court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.* (quotation omitted). The "necessary 'collision of interest' " has to be determined "from the 'principal purpose of the suit,' and the 'primary and controlling matter in dispute.' " *Id.* (citations omitted).

847 F.2d at 236. "The Fifth Circuit has consistently followed the principles of *City of Indianapolis."  Id.* The *Zurn* court goes on to explain:

> Once subject matter jurisdiction is proper, the court may have ancillary jurisdiction over additional claims or parties that it may not have had otherwise. Whether the court has ancillary jurisdiction over the claim or party depends on the type of claim or party. If the claim is a . . . cross-claim, Fed.R.Civ.P. 13(g) . . . the court has ancillary jurisdiction over the claim or party even in the absence of an independent basis for federal jurisdiction. *See Plant v. Blazer Fin. Serv's., Inc. of Ga.,* 598 F.2d 1357, 1359 (5th Cir.1979) (ancillary jurisdiction over compulsory counterclaim) .
> . . .

*Id.* at 236-237. A crossclaim is a claim asserted by one party against a co-party if the claim arises out of the same transaction or occurrence that is the subject matter of the original action. Fed.R.Civ.P. 13(g).

The original claim brought by InPwr involves a project whereby it and other actors, namely Olson/ServPro and ESP, provided goods and services to LCMH to deliver power to LCMH in the

aftermath of Hurricane Laura which made landfall in southwest Louisiana on or about August 27, 2020. *See generally* doc. 1. The original complaint states InPwr performed certain engineering services and procured material "to complete all necessary work to assess and restore the LCMH's electrical power system and to provide any other emergency services called for . . . as part of the disaster recovery response. *Id.* at p. 3. It claims to be owed under various theories of liability for unpaid invoices from defendants Olson/ServPro and LCMH. *Id.* pp. 4-8. The amount it claims to be owed for unpaid invoices exceeds $4,000,000.00. It claims to be owed damages from ESP as ESP "unjustifiably communicated to third-parties regarding InPwr's disaster recovery response" and knew or should have known "such statements were false or substantially false" causing damage to InPwr's reputation. *Id.* at p. 7. InPwr does not affix a monetary amount to the damage it claims to have suffered as a result of ESP's conduct but neither is it required to do so[4]. InPwr has pled a cause of action against ESP recognized by Louisiana law.[5] *See Freeman v. Cooper*, 414 So.2d 355, 358 (La. 1982)

Insofar as the original complaint involves parties who are diverse in citizenship and has an amount in controversy well in excess of $75,000, we have subject matter jurisdiction over the original complaint, and we recommend the district court so find.

After InPwr filed its original complaint, ESP filed a pleading entitled Answer, Affirmative Defenses, Counterclaim, Cross Claim, and Third-Party Demands. Doc. 4. Included in that pleading is a complaint by ESP against Olson/ServPro, both of which are citizens of the State of Colorado, for unpaid lease of emergency equipment used to supply power to LCMH following Hurricane Laura. This claim arises out of the same transactions and occurrences that are the

---

[4] *See St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[5] As jurisdiction in this matter is based upon 28 U.S.C. § 1332, diversity of citizenship, Louisiana law governs the determination of whether a plausible cause of action has been alleged. *Erie R.R. Co. v. Tompkins*, 58 S.Ct. 817, 819 (1938).

subject matter of the original action, i.e., monies unpaid for services rendered in connection with providing remedial and restoration work on LCMH property.  Accordingly, we have supplemental jurisdiction over the claim between ESP and Olson/Serv Pro even in the absence of an independent basis for federal jurisdiction given the lack of diversity of citizenship between them. *See* 28 U.S.C. § 1367.

When considering all of the claims made by and between all of the parties, which we have done, all (save the claim for defamation by InPwr against ESP) seek payment for services performed for LCMH in the aftermath of Hurricane Laura.  In that regard, then, "realignment" of the parties would result in "Everybody vs. LCMH."  Insofar as the citizenship of LCMH is diverse from the citizenship of all others, then we still would enjoy subject matter jurisdiction even if we were to realign.

For the foregoing reasons, we recommend that the district court **GRANT** the motion to consider our subject matter jurisdiction and conclude that we do enjoy subject matter jurisdiction and the matter may proceed in this court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted

by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE