UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **InPwr, INC.** | : | **CIVIL ACTION NO. 21-cv-0821** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **OLSON RESTORATION, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss Claims Made by Plaintiff [doc. 23] filed pursuant to Federal Rule of Procedure 12(b)(6) by defendant Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital ("LCMH"). The motion is opposed by plaintiff InPwr, Inc. ("InPwr"). Doc. 45. LCMH has replied [doc. 60] and provided supplemental authority. Doc. 101. The matter is now ripe for resolution.

This matter has been referred to the undersigned for review, report, and recommendation. For reasons stated below, it is

**RECOMMENDED** that the Motion to Dismiss be **DENIED**.

## I.
### BACKGROUND

This matter began as a suit filed by InPwr against Olson Restoration, LLC, d/b/a ServPro Disaster Recovery Team Olson ("ServPro")[1], Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital ("LCMH"), and Expedited Service Partners, LLC ("ESP"). Doc. 1. InPwr alleges we enjoy diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that "this is a civil

---

[1] The shorthand version for this party has been listed differently by different parties. To avoid confusion, we ask that all hereafter refer to this party as "ServPro."

-1-

action between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000) Dollars."[2] *Id.*, p. 2.

In the factual background of its complaint (¶¶ 5-12), InPwr notes that substantial damage was caused throughout Southwest Louisiana because of landfall of Hurricane Laura on August 27, 2020. *Id.* It alleges that, because of the storm, LCMH invited InPwr representatives to assess damage caused to power systems supporting LCMH facilities as LCMH's emergency backup generators were inadequate. It claims LCMH engaged ServPro as its prime contractor for recovery work, which would include temporary power equipment rental and installation, and that ServPro in turn entered into a Master Subcontract Agreement and Statement of Work with InPwr for InPwr to complete work necessary to restore LCMH's power. InPwr claims it began work on September 3, 2020, and, "[t]hrough a combination of its own in-house engineering resources and the procurement of critical power equipment from ESP," it was able to supply full temporary power to LCMH by October 11, 2020. Doc. 1, p. 3. It claims its work was directed by representatives of LCMH and that "representatives of . . . LCMH ensured" it would be paid for its work, a promise upon which it relied. *Id.*

Relevant to this motion are the claims made by InPwr against LCMH. Those claims are as follows:

> **COUNT ONE: BREACH OF CONTRACT**. InPwr claims it is owed $4,676.786.80 "for work, equipment and/or materials" and that, by failing to timely pay, LCMH has breached the terms of its agreement with plaintiff. Doc. 1, p. 4, ¶¶ 13-15.
>
> **COUNT THREE: OPEN ACCOUNT.** InPwr claims it was to be compensated on a time and materials basis and that LCMH has failed to pay amounts owed to it on open account, entitling InPwr to claim reasonable attorney fees under La. R.S. § 9:2781. Doc. 1, p. 5-6, ¶¶ 18-21.

---

[2] By Report and Recommendation we suggested to the district court that it determine we do enjoy subject matter jurisdiction and the recommendation has been adopted by the district court. Docs. 142, 155.

**COUNT FOUR: LOUISIANA PRIVATE WORKS ACT AND PUBLIC WORKS ACT**. InPwr claims entitlement to relief afforded by one or the other of these acts, entitling it to a claim against the owner of the property to secure payment of the amounts due and a privilege on LCMH's interest in the immovable property upon which the work was performed. Doc. 1, p. 6-7, ¶¶ 22-25.

**COUNT FIVE: UNJUST ENRICHMENT/*QUANTUM MERUIT***. InPwr claims in the alternative that it is entitled to compensation from LCMH commensurate to the value of the services rendered, "which sums should be measured by the invoices submitted by InPwr which are customarily borne in accordance with industry standards." Doc. 1, p. 7, ¶ 27.

LCMH claims plaintiff has failed to state a cause of action for any of the above claims except count five, Unjust Enrichment. With respect to count one, it claims it did not approve or enter into any contract with plaintiff. Doc. 23, p. 2. It claims that the Louisiana Open Account statute only applies when the parties have been contracting for one or more transactions, an event that did not occur between the parties as there was no contract. *Id.* And finally it claims InPwr is entitled to no relief under the Private Works act as relief under that act requires a contractual relationship between the two and no such relationship exists here. *Id.*

In response InPwr claims it has made sufficient allegations that would, if accepted as true, sufficiently establish a contractual relationship with LCMH, specifically "that LCMH representatives directed the work to be performed by InPwr and ensured InPwr that it would be paid for the work performed." Doc. 45, pp. 6, 8. It suggests we not consider documents referred to in LCMH's motion by reference to its (LCMH's) affirmative defenses. *Id.*, p. 9-10.

## II.
### LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v.*

*Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). While factual assertions are presumed to be true, "labels and conclusions" and "formulaic recitation of the elements of a cause of action" are not enough to withstand a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254 at *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). When considering a motion under Rule 12(b)(6),

> a court generally "may not go outside the pleadings." *Colle v. Brazos Cty., Tex.*, 981 F.2d 237, 243 (5th Cir. 1993). However, the court may consider documents outside of the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *See Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 F. App'x 336, 340-41 (5th Cir. 2011) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)); *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

*Boudreaux v. Axiall Corp.*, CV 18-0956, 2022 WL 838923, at *4 (W.D. La. Mar. 21, 2022).

As we note above, LCMH claims entitlement to relief as to count one as it claims it did not approve or enter into any contract with plaintiff. Doc. 23, p. 2. With respect to count three, it claims that the Louisiana Open Account statute only applies when the parties have been contracting for one or more transactions, an event that, according to LCMH in its motion, did not occur between the parties as there was no contract. *Id.* And finally with respect to count four, it

claims InPwr is entitled to no relief under the Private Works act as relief under that act requires a contractual relationship between the two and no such relationship exists here. *Id.* Each assertion made requires evidence to prove that there existed no contract as plaintiff in its complaint alleges did exist.

Given the constrains on our consideration in a Rule 12(b)(6) context, we are bound to recommend that the motion be denied.

### III.
#### CONCLUSION

For reasons stated, it is **RECOMMENDED** that the Motion to Dismiss Claims Made by Plaintiff [doc. 23] filed by defendant Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital be **DENIED.**

Under the provisions of 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 26th day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE