UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**InPwr, INC.**                :        **CIVIL ACTION NO. 21-cv-0821**

**VERSUS**                     :        **JUDGE TERRY A. DOUGHTY**

**OLSON RESTORATION, LLC, ET AL.**    :    **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss Claims Made by Defendant Expedited Service Partners, LLC, ("ESP") [doc. 24] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital ("LCMH"), as well as Thomas and Belinda Chapman, Larry Graham,[1] and Dwayne Patrick Brown ("Third Party Defendants") also represented by LCMH counsel. The original motion was supplemented. Doc. 40. The motion is opposed by ESP. Doc. 49. Its supplement is also opposed. Doc. 67. LCMH has replied to both oppositions.

LCMH's reply to the opposition filed to the supplemental motion is the subject of a Motion to Strike. Doc. 73. By separate memorandum order, the request to strike is granted. ESP seeks leave to file a sur-reply to LCMH's reply sought to be stricken. Doc. 78. By the same memorandum order that motion is mooted. As a result, neither LCMH's reply to the opposition to the supplemental motion to dismiss nor the sur-reply sought to be filed by ESP is considered herein.

---

[1] Larry Graham was voluntarily dismissed from the proceeding and his involvement is discussed no more. Doc. 65.

This matter has been referred to the undersigned for review, report, and recommendation. For reasons stated below, it is

**RECOMMENDED** that the Motion to Dismiss be **DENIED**.

# I.
## BACKGROUND

This matter began as a suit filed by InPwr against Olson Restoration, LLC, d/b/a ServPro Disaster Recovery Team Olson ("ServPro"),[2] Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital ("LCMH"), and Expedited Service Partners, LLC ("ESP"). Doc. 1. InPwr alleges we enjoy diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that "this is a civil action between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000) Dollars."[3] *Id.*, p. 2. The original complaint was amended but only to clarify the citizenship of the parties. Doc. 12.

In the factual background of its complaint (¶¶ 5-12), InPwr notes that substantial damage was caused throughout Southwest Louisiana because of Hurricane Laura's landfall on August 27, 2020. *Id.* It alleges LCMH invited its representatives to assess damage caused to power systems supporting LCMH facilities as LCMH's emergency backup generators were inadequate. It claims LCMH engaged ServPro as its prime contractor for recovery work, which would include temporary power equipment rental and installation, and that ServPro in turn entered into a Master Subcontract Agreement and Statement of Work with InPwr for InPwr to complete work necessary to restore LCMH's power. InPwr claims it began work on September 3, 2020, and "[t]hrough a combination of its own in-house engineering resources and the procurement of critical power

---

[2] The shorthand version for this party has been listed differently by different parties. To avoid confusion, we ask that all hereafter refer to this party as "ServPro."
[3] By Report and Recommendation we suggested to the district court that it determine we do enjoy subject matter jurisdiction and the recommendation has been adopted by the district court. Docs. 142, 155.

equipment from ESP," it was able to supply full temporary power to LCMH by October 11, 2020. Doc. 1, p. 3. InPwr claims its work was directed by representatives of LCMH and that "representatives of . . . LCMH ensured" it would be paid for its work, a promise upon which it relied. *Id.*

ESP answered InPwr's complaint and asserted its own claims. Doc. 4. In the preamble to its claims against others, it states that it leased equipment and provided incidental services to InPwr and ServPro that was used for the LCMH recovery project. *Id.*, pp. 11–13. It also claims that LCMH entered into a contract with ServPro to act as general contractor and that ServPro, in turn, subcontracted with InPwr to provide power generating equipment on the project. *Id.*, p. 13. ESP also alleges that it was directed by ServPro to "provide certain emergency equipment including power generating equipment to employees, independent contractors, and others associated with LCMH." *Id.*, p. 16. Third Party Defendants are those individuals serviced by ESP on instruction of ServPro and, ESP alleges, the services were performed with the "full consent and knowledge" of LCMH. *Id.* ESP claims to be unpaid for all services provided in the total amount of $6,900,118.83. *Id.*, p. 14.

In its cross-claim against LCMH, ESP makes the following claims:

> **COUNT ONE: LOUISIANA PRIVATE WORKS ACT**. ESP claims that, under the act, LCMH, as owner of the subject property, is personally liable for amounts outstanding as it failed to require ServPro, LCMH's (alleged) general contractor, to file a bond that would have relieved it of all claims and privileges. *Id.*, p. 22. It states that it "has complied with all conditions and requirements under Louisiana law to properly assert and perfect its lien claim and lien rights" under the act. *Id.*
>
> **COUNT TWO: UNJUST ENRICHMENT CLAIM**. ESP claims that the equipment it provided was for the benefit of LCMH and provided with its full knowledge. Accordingly, it alleges, LCMH was unjustly enriched for services for which ESP never received payment. *Id.*, p. 23.

In its third-party demand against Third Party Defendants., ESP makes the following claims:

**COUNT ONE: LOUISIANA PRIVATE WORKS ACT**. ESP claims that, under the act, Third Party Defendants, as owners of the property services by ESP, are personally liable for amounts due ESP for services provided to them as they failed to require the general contractor to file a bond that would have relieved them and their property of all claims and privileges. *Id.*, pp. 24–27. It claims to have "complied with all conditions and requirements under Louisiana law to properly assert and perfect its lien claims and lien rights" against each Third Party Defendant. *Id.*, pp. 25–27.

**COUNT TWO: UNJUST ENRICHMENT CLAIM**. ESP claims that Third Party Defendants were unjustly enriched as they enjoyed the benefits of the equipment provided by ESP with their full knowledge and for which ESP never received payment. *Id.*, p. 27.

LCMH maintains ESP's claims under the Private Works Act against it and Third-Party Defendants should be dismissed "for one simple reason: [ESP's claims] are dependent on the existence of a contract, where none exists." Doc. 24, p.2. LCMH relies on the argument made by it in its similar motion against InPwr for the same claim found at document 23.[4] *Id.* In its Supplemental Rule 12(b)(6) Motion to Dismiss, LCMH alleges that ESP's liens filed against property owned by LCMH and Third Party Defendants are invalid as a matter of law. Doc. 40. LCMH and Third Party Defendants argue that ESP failed to affirmatively allege that it holds a current, valid contractor license for work in the State of Louisiana, inviting the court to peruse the database for the Louisiana State Licensing Board for Contractors for proof, so that the liens filed are invalid. *Id.*, p. 2. LCMH attaches to the supplemental motion copies of the liens themselves as well as a myriad of invoices, spreadsheets, and photographs. *Id.*, att. 1.

Also in its supplemental rule LCMH argues that, as an unlicensed contractor, ESP is prohibited from recovery under a theory of unjust enrichment. Doc. *Id.*, p. 3. Further it notes that InPwr, ServPro, and LCMH "have all asserted that ESP has engaged in deceptive conduct that

---

[4] By Report and Recommendation we have recommended to the district court that Motion to Dismiss be denied.

should prevent it from recovering under a theory of unjust enrichment, based upon the doctrine of 'unclean hands'." *Id.*, p. 4.

In opposition to the original Motion to Dismiss, ESP maintains that relief under Rule 12(b)(6) is inappropriate on the basis alleged by LCMH and Third Party Defendants, i.e., there existed no contract upon which all claims are based. ESP response that "[q]uestions as to the existence, terms, and conditions of a contract are fact questions inappropriate for determination on a 12(b)(6) motion." Doc. 49, p. 11, citing *Lee v. Entergy Operations, Inc.,* No. CIV. A. 93-0038, 1993 WL 165751, at *4 (E.D. La. May 11, 1993), *Deggs v. Aptim Maint., LLC*, No. CV 19-00406, 2021 WL 1208874, at *2 (M.D. La. Mar. 30, 2021), and *Thibodeaux v. Red Frog Events, LLC*, No. CV 17-00695, 2018 WL 4373753, at *2 (M.D. La. Sept. 13, 2018). In opposition to LCMH's and Third Party Defendants' supplemental Rule 12(b)(6) motion, ESP argues that "LCMH's licensing argument is wholly improper in a 12(b)(6) motion because ESP has not alleged anywhere in its Cross-claim that it is a contractor and LCMH is improperly requesting that this Court look beyond ESP's Cross-claim." Doc. 67, p. 6. It further suggests that a 12(b)(6) motion is not the proper vehicle for resolution of factual disputes inherent in ESP's claims of unjust enrichment. *Id.*, p. 16.

In their reply to ESP's opposition to ESP's initial motion, LCMH and Third Party Defendants again focus on non-existence of any contract between LCMH and ServPro ("[i]f there were such a contract, the parties would be able to produce a copy," doc. 61, p. 2), and that LCMH "currently has a mandamus action pending in state court seeking cancellation" of the liens. *Id.*

LCMH also replied to ESP's opposition to LCMH's supplemental Rule 12(b)(6) motion. Doc. 73. As we note above, that reply has been stricken.

## II.
### LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). While factual assertions are presumed to be true, "labels and conclusions" and "formulaic recitation of the elements of a cause of action" are not enough to withstand a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, at *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). When considering a motion under Rule 12(b)(6),

> a court generally "may not go outside the pleadings." *Colle v. Brazos Cty., Tex.*, 981 F.2d 237, 243 (5th Cir. 1993). However, the court may consider documents outside of the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *See Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 F. App'x 336, 340-41 (5th Cir. 2011) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)); *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

*Boudreaux v. Axiall Corp.*, CV 18-0956, 2022 WL 838923, at *4 (W.D. La. Mar. 21, 2022).

We agree with ESP that LCMH's and Third Party Defendant's insistence of non-existence of a contract alleged to exist by ESP in its cross-claim is not a proper Rule 12(b)(6) inquiry. Given the constraints on our consideration in a Rule 12(b)(6) context, we are bound to recommend that the motion be denied.

### III.
#### CONCLUSION

For reasons stated, it is **RECOMMENDED** that the Motion to Dismiss Claims Made by Defendant Expedited Service Partners, LLC, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital and Thomas and Belinda Chapman and Dwayne Patrick Brown be **DENIED.**

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 2nd day of September, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE