UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| InPwr, INC. | : | CIVIL ACTION NO. 21-cv-0821 |
| VERSUS | : | JUDGE TERRY A. DOUGHTY |
| OLSON RESTORATION, LLC, ET AL. | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the court is a Motion to Strike filed by Expedited Service Partners, LLC ("ESP"). Doc. 76. ESP asks that we strike from the record the reply filed by Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital ("LCMH") [doc. 73], to an opposition filed by ESP [doc. 67] to LCMH's Supplemental Rule 12(b)(6) Motion to Dismiss Claims Asserted by ESP [doc. 40]. ESP argues the reply should be stricken as it raises new arguments and attaches new documents that are inadmissible evidence. Doc. 76, att. 2, p. 1.

Other than expressing shock that ESP would object to its, LCMH's, attachment of exhibits to a reply to a Rule 12(b)(6) motion, LCMH's opposition is nothing more than additional argument as to the merits (or lack thereof) of ESP's cross-claim complaint with a sprinkling of sarcasm for added flavor. LCMH asks us to utilize the "incorporation by reference" doctrine to have us consider a myriad of documents and arguments to examine (what it maintains to be) the futility of ESP's claims. "It is ESP who first incorporated its liens and related invoices by reference in the pleading of the claims at issue," quoting ESP's claim against it found at document 4, particularly paragraph LII. Doc. 82, p. 3. Through the document sought to be stricken, LCMH attaches pleadings filed by ESP in a state court mandamus proceeding and urges us to examine that

information while we are performing the function we are assigned, i.e., considering whether ESP initially asserted a claim that would survive Rule 12(b)(6) scrutiny.  *Id*.

Neither in its motion nor memorandum does ESP set forth the authority by which we could strike LCMH's reply to its opposition.  Rule 12(f), Federal Rules of Procedure, allows us to strike from ***pleadings*** any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  "Pleadings" is defined in Federal Rules of Civil Procedure Rule 7(a) as:

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim
> (4) an answer to a crossclaim;
> (5) a third party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

"[M]otions, affidavits, briefs, and other documents outside of pleadings are not subject to Rule 12(f)."  *United States v. Coney*, 689 F.3d 365, 379, n 5 (5th Cir.2012), quoting 5C Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE 1380 & n. 8.5 (3d ed. 2012).

However, advisory committee notes to Rule 12(b) itself seem to imply that the court can exclude material that is not a pleading.  The notes state that "on a motion under Rule 12(b)(6) extraneous material may not be considered if the court excludes it."  Fed. R. Civ. P. 12, advisory committee's notes to 1946 amendment.  The Federal Rules and their comments offer no further guidance on the mechanism for excluding such materials, so we will proceed by evaluating the propriety of a motion to strike.  "As regards the striking of documents at the pretrial stage, [a] Court has 'inherent power to control the disposition of the causes on its docket . . . .' *U.S. v. Colomb,* 419 F.3d 292, 299 (5th Cir.2005) (internal quotation omitted); *Gilleland v. Schanhals,* 55 Fed. Appx. 257, 260 (6th Cir.2003) (explaining that a district court 'may use its inherent power to manage its docket to strike documents')."  *Anderson v. Georgia Gulf Lake Charles, LLC*, 2:07-CV-1378 LEAD, 2008 WL 919716, at *1 (W.D. La. Apr. 4, 2008).  That inherent authority

includes "the ability to remove matters from the record that are improperly filed." *Vicks v. Packnett*, CV No. 18-556, 2020 WL 2616398, at *1 (M.D. La. May 22, 2020) (footnote with citations omitted).

The original motion from which the response and reply sprang was one filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. That rule allows for dismissal of a claim when a plaintiff (or, in this case, cross-claimant) "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint [or cross-claim] and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the [pleader]." A court may consider documents attached to a motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (the court could properly consider insurance contracts attached to the 12(b)(6) motion when plaintiffs specifically referenced those policies and they were central to the claim).

LCMH did attach documents to its Supplemental Motion to Dismiss. Doc. 40, att. 1. The attachment to that motion is 203 pages of lists of liens, copies of liens, invoices, spreadsheets, and photographs. The documents objected to here, however, were not attached to LCMH's supplemental motion but rather were attached to its response to ESP's reply to that supplemental motion. The attachments are not limited to the liens filed against LCMH and Third Party Defendants as referenced in ESP's cross-claim but rather include a contract between ESP and Olson Restoration, LLC, d/b/a ServPro Disaster Recovery Team Olson ("ServPro"), alleged by ESP to be a sub-contractor on the LCMH remediation project that is the basis for the original claim filed; invoices between ESP and InPwr, Inc. ("InPwr"), plaintiff in the original complaint and

alleged by ESP to be the general contractor on the LCMH remediation project that is the basis for the original claim; a list of liens purportedly filed against LCMH (prepared, we suppose, by LCMH) with one lien attached; a table of liens referencing documents attached to the original supplemental motion; and pleadings filed in a state court proceeding by LCMH seeking cancellation of the liens. Doc. 73, atts. 1–8.

Neither LCMH's reply nor its attachments are offered to support what should be the sole the contention of the original motion and its supplement, that ESP failed to make claims upon which relief can be granted. The validity of the original motion and its supplement is addressed in a separate Report and Recommendation. This purported reply, however, goes well beyond the scope of anything we are required to consider on a Rule 12(b)(6) motion when raised in the motion, much less when raised in a reply to a response.

Relying on our inherent authority to control the disposition of the causes on our docket, we grant ESP's request to strike LCMH's reply, document 73. Regardless of whether the arguments made in the reply or the attachments thereto would be appropriate for consideration in a Rule 12(b)(6) Motion to Dismiss, they certainly are inappropriate in a reply to a response. Accordingly, the Motion to Strike [doc. 76] is **GRANTED.** The Motion to Expedite Consideration of the Motion to Strike is mooted. Finally and given our conclusion herein, ESP's Motion for Leave to File Sur-reply seeking an opportunity to formally respond to LCMH's reply that is now being stricken as also moot.

THUS DONE AND SIGNED in Chambers this 2nd day of September, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE