UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| InPwr, INC. | : | CIVIL ACTION NO. 21-cv-0821 |
| VERSUS | : | JUDGE TERRY A. DOUGHTY |
| OLSON RESTORATION, LLC, ET AL. | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a Rule 12(b)(6) Motion to Dismiss Counterclaim filed by Expedited Service Partners, LLC, ("ESP") [doc. 48] seeking dismissal of the claim filed against it ("the Counterclaim") by Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital ("LCMH") [doc. 31]. The motion is opposed by LCMH [doc 69] and a reply has been submitted [doc. 81]. In addition, LCMH has filed a "Notice of Supplemental Authority." Doc. 102.

This matter has been referred to the undersigned for review, report, and recommendation. Doc. 55. For reasons stated below, it is

**RECOMMENDED** that the Motion to Dismiss be **GRANTED.** We recommend that Count One of the Counterclaim be dismissed with prejudice. We recommend that Count Two of the Counterclaim be dismissed without prejudice to the right of LCMH to amend the pleading to allege, if it can, any ascertainable loss of money or movable property attributable to ESP's allegedly unfair or deceptive trade practices.

# I.
## BACKGROUND

This matter began as a suit filed by InPwr against Olson Restoration, LLC, d/b/a ServPro Disaster Recovery Team Olson ("ServPro"),[1] LCMH, and ESP. Doc. 1. InPwr alleges we enjoy diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that "this is a civil action between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000) Dollars."[2] *Id.*, p. 2. The original complaint was amended but only to clarify the citizenship of the parties. Doc. 12.

In the factual background of its complaint (¶¶ 5–12), InPwr notes that substantial damage was caused throughout Southwest Louisiana because of Hurricane Laura's landfall on August 27, 2020. *Id.* It alleges LCMH invited its representatives to assess damage caused to power systems supporting LCMH facilities as LCMH's emergency backup generators were inadequate. It claims LCMH engaged ServPro as its prime contractor for recovery work, which would include temporary power equipment rental and installation, and that ServPro in turn entered into a Master Subcontract Agreement and Statement of Work with InPwr for InPwr to complete work necessary to restore LCMH's power. InPwr claims it began work on September 3, 2020, and "[t]hrough a combination of its own in-house engineering resources and the procurement of critical power equipment from ESP," it was able to supply full temporary power to LCMH by October 11, 2020. Doc. 1, p. 3. InPwr claims its work was directed by representatives of LCMH and that "representatives of . . . LCMH ensured" it would be paid for its work, a promise upon which it relied. *Id.* LCMH answered the original complaint. Doc. 25.

---

[1] The shorthand version for this party has been listed differently by different parties. To avoid confusion, we ask that all hereafter refer to this party as "ServPro."

[2] By Report and Recommendation, we suggested to the district court that it determine we do enjoy subject matter jurisdiction and the recommendation has been adopted by the district court. Docs. 142, 155.

Prior to LCMH filing its answer, ESP filed a cross-claim against it. Doc. 4. ESP asserted a claim against the hospital under the Louisiana Private Works Act and a claim of unjust enrichment. *Id.* LCMH moved to dismiss those claims under Rule 12(b)(6). Doc. 24. We have recommended that motion be denied. Doc. 172. As of the date of publication of this report, no objection has been filed.

LCMH answered the original and amended complaints. Doc. 25. In its answer, LCMH raises the same issues it raises in the Rule 12(b)(6) motion filed against ESP's claims against it. On the same date, it filed the Counterclaim against ESP. Doc. 31. Early in its pleading LCMH sets the table for its version of this litigation, referring to

> the obstinate, non-transparent, ever changing, deceptive manner in which each of said Defendants, but primarily [InPwr] and ESP, has repeatedly taken steps, individually and in concert, to try and gouge LCMH with greatly inflated, unjustified, largely unexplained prices for their services, in the days immediately following Hurricane Laura . . . .

*Id.* p. 2. The following thirty-four pages of LCMH's pleading contain details of what it generalizes in the quotation above.[3] Finally, at page 38, LCMH sets forth its claims.

The claims against ESP are as follows:

**COUNT ONE: DECLARATORY RELIEF.** LCMH seeks declaratory relief pursuant to 28 U.S.C. § 2201, et seq, that:

  a. LCMH has no contractual obligations to ESP;
  b. LCMH has no "open account" obligations to ESP;
  c. ESP has no valid lien rights against LCMH;
  d. Overcharges from ESP are covered by the Louisiana Anti-Gouging Act ("AGA"), La. R.S. 29:732, et seq, as well as the Louisiana Governor's August 21, 2020 "State of Emergency Proclamation;"

---

[3] We would like to take this opportunity to remind all parties that Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." It does not require detailed factual allegations, although the Supreme Court has instructed us that it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 129 S.Ct. 1937, 1949 (2009), citing as authority *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-64 (2007). Nothing in Rule 8, *Twombly*, or *Iqbal* requires 36 pages of detailed allegations of allegedly nefarious conduct inflicted by opposing parties in order to state a claim that would survive Rule 12(b)(6) scrutiny.

   e. ESP's conduct is violative under the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, et. seq.; and
   f. LCMH should pay a reasonable cost for services provided.

  **COUNT TWO: LUTPA VIOLATIONS**. ESP's conduct was intentionally deceptive and misleading and violative of the LUTPA. LCMH seeks "all recoverable damages and attorney fees in connection" therewith.

*Id.*, p. 38. In short, the Counterclaim submitted by LCMH against ESP seeks a declaration that all claims against it by all defendants to the original suit do not exist and that ESP violated the AGA and LUTPA. To these claims ESP has filed its own Rule 12(b)(6) Motion to Dismiss, which is the motion presently before us. Doc. 48.

 **A. ESP's Argument in Support of its Motion**

  With respect to LCMH's request for declaratory relief, ESP argues that requests (a) and (b) should be dismissed as ESP has not claimed existence of a contract with LCMH nor has it claimed to be owed on an open account. Thus, ESP argues, there exists no actual controversy between the parties such that declaratory relief may be granted. Doc. 48, att. 2, p. 8. It argues request (d) should be dismissed as Louisiana law provides no private cause of action under the Louisiana Anti-Gouging Act. *Id.* Requests (c) and (f) should be denied, ESP suggests, because they are duplicative of legal claims made by ESP in its own claim against LCMH and (e) should be dismissed as being duplicative of the claim LCMH makes in Count Two of the Counterclaim. *Id.*, p. 9.

  ESP also claims Count Two, a request for relief for LUTPA violations, should be dismissed because LCMH fails to allege that it suffered any ascertainable loss of money or movable property as the result of ESP's alleged unfair or deceptive trade practices and thus fails to state a claim. *Id.*, p. 15.

### B. LCMH's Reply to the Motion

In reply with respect to Count One, LCMH argues that, although ESP has made no claim in contract against LCMH, "it is unclear why a declaratory judgment stating the same would be problematic . . . ." Doc. 69, pp. 10-11. LCMH maintains that, even though ESP has asserted no claim against it under the open account statute, InPwr has made such a claim so that "addressing the merits of a declaratory judgment, confirming that . . . [no party has] grounds for any claim under the open account statute against LCMH" would "narrow the issues requiring a trial on the merits." *Id.* p. 11. LCMH maintains its request to have liens declared invalid is not duplicative because "[i]f the liens are not invalidated (or cancelled), LCMH will be forced to continue to litigate that issue." *Id.* LCMH acknowledges it is not attempting to make a claim under the AGA but that proof of AGA violations would be "conduct prohibited by LUPTA . . . [therefore] there is no reason that the issue cannot be narrowed to the extent possible using the declaratory judgment procedure." *Id.* p. 12. And finally with respect to Count One, LCMH maintains its requested declaratory relief on the LUTPA claim is not duplicative of its claim in Count Two. Rather, it argues, "[a] Court's ruling on the declaratory judgment request would simply find that *if the conduct occurred* it would be the type covered by LUPTA, *not that the conduct occurred.*" *Id.* (emphasis original).

Lastly on its claim for declaratory judgment that it should pay a reasonable price for services rendered, LCMH posits "[w]hy ESP . . . would object to such a declaratory judgment, implying that [it] would prefer to charge and recover unreasonable prices, is beyond comprehension." *Id.* pp. 12–13. It concludes this point by stating "there is no reason why the Court cannot decide at this time and in the declaratory context that it is, in fact, a reasonable amount pursuant to applicable law that LCMH will be required to pay." *Id.*, p. 13.

With respect to Count Two of the Counterclaim and in opposition to ESP's request that it be dismissed pursuant to Rule 12(b)(6), LCMH sets forth a litany of difficulties it has suffered and sets forth law germane to an LUTPA claim but never addresses ESP's point—that the complaint fails to allege that it suffered any ascertainable loss of money or movable property as the law requires. *See generally id.*, pp. 14–16. In its Notice of Supplemental Authority [doc. 102], it refers us to a ruling in a separate suit pending in this court, *Howard v. First United Pentecostal Church of DeRidder, Louisiana*, No. 21-cv-03181, 2022 WL 194380 (W.D. La. Jan. 20, 2022), where the court refused to grant a Rule 12(b)(6) motion on a LUTPA claim similar to that raised here.

### C. ESP's Response to LCMH's Reply

In its response to the reply, ESP encourages us to ignore matters raised in LCMH's memorandum that go beyond facts pertinent to the Crossclaim and its motion to dismiss that pleading. Doc. 81, pp. 3–4. Other than to point out that LCMH's reply to the motion as to Count Two of the Crossclaim that it (LCMH) suffered "business interruption expenses and stress caused by ESP's conduct" [*id.*, p. 5] cannot be considered as LCMH failed to make such an allegation in the Crossclaim, ESP merely reiterates arguments it made in its original memorandum. ESP has not responded to LCMH's Notice of Supplemental Authority.

## II.
### LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). While factual assertions are

presumed to be true, "labels and conclusions" and "formulaic recitation of the elements of a cause of action" are not enough to withstand a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, at *2 (W.D. La. Sept. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). When considering a motion under Rule 12(b)(6),

> a court generally "may not go outside the pleadings." *Colle v. Brazos Cty., Tex.*, 981 F.2d 237, 243 (5th Cir. 1993). However, the court may consider documents outside of the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *See Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 F. App'x 336, 340-41 (5th Cir. 2011) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)); *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

*Boudreaux v. Axiall Corp.*, No. 18-0956, 2022 WL 838923, at *4 (W.D. La. Mar. 21, 2022).

The federal Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). The operation of the act is only procedural. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S.Ct. 843, 849 (2014). A court has broad discretion in determining whether to entertain a declaratory judgment action. *Wilton v. Seven Falls Co.,* 115 S.Ct. 2137, 2143 (1995).

A threshold issue in any litigation, a request for declaratory relief included, is whether plaintiff has Article III standing to bring such an action. *Steel Co. v. Citizens for a Better Environment*, 118 S.Ct. 1003, 1012 (1998) (jurisdiction must be established as a threshold matter, a "requirement that . . . 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.*, quoting *Mansfield, C.&L.M.R. Co. v. Swan*, 4 S.Ct. 510, 511 (1884)).

> Article III of the United States Constitution limits the federal judicial power to the resolution of "Cases" and "Controversies." "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will sufferer injury in the future."

*Specialized Indus. Maint., Inc. v. APTIM Maint., LLC*, No. 19-804, 2021 WL 41075, *2 (M.D. La. Jan. 4, 2021), *appeal dismissed sub nom. Specialized Indus. Maint., Inc. v. APTIM Maint., L.L.C.*, No. 21-30058, 2021 WL 3403120 (5th Cir. June 25, 2021) (footnote omitted).

Additionally, and as our sister court has found,

> Courts in the Fifth Circuit have regularly rejected declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit. *See, e.g., See, Siboney Contracting Co. v. Berkley Insurance Co.*, 2018 WL 1123624, at *3 (E.D. La., 2018); *Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*, 2012 WL 6569774, at *3 (S.D. Tex.,2012) (dismissing counterclaim for declaratory relief where it duplicated Plaintiff's declaratory claim); *Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 1791252, at *3 (N.D. Tex. Jun. 21, 2007) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, 2006 WL 3691003, at *17 (N.D. Tex. Dec. 14, 2006) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Kougl v. Xspediou Mgmt. Co.*, 2005 WL 1421446, at * 4 (N.D. Tex. Jun. 1, 2005) (dismissing declaratory actions that sought resolution of matters already to be resolved in the ongoing lawsuit because "[s]eparate declaratory judgment actions would be redundant.").

*LHTE Tr. Estate v. H H E Energy Co.*, No. 18-CV-00654, 2019 WL 1385228, at *3 (W.D. La. Feb. 14, 2019).

> The Louisiana Unfair Trade Practices Act provides that
>
>> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually . . . to recover actual damages

La. R.S. 51:1409(A). "Thus, under the act, plaintiff must show that he suffered 'ascertainable loss of money or moveable property' as a result of the unfair practices of defendants." *Strahan v. State Through Dept's of Agric. & Forestry*, 633 So.2d 886, 887 (La. App. 1st Cir. 1994), cited approvingly in *CLB Properties, Inc. v. MRD Operating, LLC*, No. 16-1271, 2017 WL 4323587 at *6 (W.D. La. Sept. 27, 2017).

Applying these principles to the issues at hand, we agree with ESP that the Counterclaim filed by LCMH should be dismissed pursuant to Rule 12(b)(6).

We find LCMH's arguments against dismissal of Count One unpersuasive. With respect to the request that we find no contract or viable claim under the open account statute (claims (a) and (b) of Count One), LCMH argues the inverse of what the law requires. Although it acknowledges ESP has made no claims for either, it suggests "it is unclear why a declaratory judgment stating [no claim exists] would be problematic." Doc. 69, pp. 10–11. In essence, LCMH asks "well, why not do it" when at all times the law requires as a threshold matter of standing that such a controversy exist. LCMH more or less recognizes the redundancy in its request that we declare the liens invalid (claim (c) of Count One) but suggests we should nevertheless proceed with declaratory relief because, otherwise, it "will be forced to continue to litigate that issue" [*id.*,

p. 11], as though somehow the requested declaratory action would be decided before or in lieu of the issues raised in the Counterclaim. LCMH gives no jurisprudential support for that theory.

LCMH acknowledges that it attempts to make no claim under AGA [*id.*, p. 12] (claim (d) of Count One) and, with respect to its requested relief under LUTPA (claim (e) of Count One), it maintains that request is NOT duplicative of the one found in Count Two because our "ruling on the declaratory judgment request would simply find that *if the conduct occurred* it would be the type covered by LUPTA . . . ." *Id.* We find the arguments on both claims nonsensical.

And finally with respect to count one and ESP's suggestion of the redundancy of LCMH's request that we declare what would be the fair amount owed (claim (f) of Count One) and what would be the ultimate result with LCMH's defense of the Counterclaim, LCMH's implication that ESP's argument was tantamount to "prefer[ing] to charge and recover unreasonable prices" [*id.*, p. 12] is as sophomoric as it is unhelpful. One hardly equates with the other and we agree that issue will be resolved either as the result of the main claim of InPwr against all defendants, including LCMH, or the Counterclaim or some combination thereof. Declaratory relief to that effect is unnecessary.

Therefore, we recommend the district court grant the Motion to Dismiss with prejudice as it relates to Count One.

We also conclude that LCMH has failed to adequately plead its entitlement to relief under LUTPA as alleged in Count Two as it has failed to set forth any ascertainable loss of money or movable property as required by that act. We agree with ESP's assertion that LCMH may not raise an issue in its response that is not set forth in the pleadings so we may not consider the extent to which any claim made in brief that LCMH suffered any business interruption expense or other loss when considering this Motion to Dismiss. Doc. 81, p. 5. Our conclusion is buttressed by this

district's holding in *CLB Properties*, *supra*, where the district court dismissed a LUTPA claim on a Rule 12(b)(6) motion for plaintiff's failure to establish an ascertainable loss. The district court in that case found that plaintiff there successfully pled facts that might support a finding that defendants engaged in unfair trade practices but nevertheless concluded that the matter should be dismissed because plaintiff could not establish an "ascertainable loss" with respect to that conduct. *Id.*, *6. There plaintiff alleged that defendants engaged in reprehensible conduct to prevent it from being awarded a contract, but it was nevertheless awarded the contract precluding any ability to prove ascertainable loss. *Id.* Likewise here, LCMH has successfully pled facts that might support a finding that ESP and others engaged in unfair trade practices in an effort to have it pay exorbitant or outrageous fees for services, but those fees have not been paid; thus LCMH has failed to establish and "ascertainable loss."

We have reviewed the case relied upon by LCMH in its Notice of Supplemental Authority [doc. 102] and do not find it helpful to our disposition here. It is true that the district court in that case found that LUTPA claims asserted therein, claims very similar to the claims here, would survive a Rule 12(b)(6) challenge; however, we do not see that the district court there was asked to consider, nor did it consider, whether plaintiff appropriately pled an ascertainable loss so as to survive dismissal on that point. *See Howard v. First United Pentacostal Church of DeRidder, Louisiana*, No. 21-cv-03181, 2022 WL 194380 (W.D. La. Jan. 20, 2022).

Accordingly, we do recommend the district court grant the Motion to Dismiss Count Two of the Crossclaim but suggest that dismissal be without prejudice to the right of LCMH to allege an ascertainable loss if it is able.

## III.
### CONCLUSION

For reasons stated, it is

**RECOMMENDED** that the Motion to Dismiss Counterclaim filed by Expedited Service Partners, LLC, [doc. 48] seeking dismissal of the Counterclaim by Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital [doc. 31] be **GRANTED.** We recommend Count One of the Counterclaim seeking declaratory relief be dismissed with prejudice. We recommend that Count Two of the Counterclaim seeking relief pursuant to the Louisiana Unfair Trade Practices Act be dismissed without prejudice to the right of LCMH to amend the Counterclaim to allege, if it can, any ascertainable loss of money or movable property attributable to ESP's allegedly unfair or deceptive trade practices.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 15th day of September, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE